UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JAMES K. FIANO,

    Plaintiff,

v.

CREDIT COUNSEL INC.,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3.    Plaintiff, JAMES K. FIANO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, CREDIT COUNSEL INC., is a corporation and citizen of the State of Florida with its principal place of business at Suite 216, 1400 NE Miami Gardens Drive, North Miami Beach, FL 33179.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

<u>February 24, 2009</u>
Yes, good afternoon. Frank Waters trying to reach James Fiano. Please call my office or have your lawyer call me right away. 1-800-328-8123. I have an issue here that needs to be resolved before Friday. Thank you.

<u>March 13, 2009</u>
Yes, good morning, I am trying to reach James Fiano.  Contact Frank Waters.  My number is 305-940-1130 as soon as possible.  If you have a lawyer representing you, have your attorney call me.  Thank you.

<u>March 24, 2009</u>
Yeah, James Fiano contact Frank Waters immediately or have your lawyer call me in regards to case number 026039-8. Please be advised, we don't hear from you within 48 hours we are going to file this claim against you so please contact me and make an arrangement. 305-940-1130. Thank you.

<u>April 17, 2009</u>
Yes, ah, James Fiano. If this is not James, hang up, disconnect. If you are still listening you are James Fiano. Frank Waters calling you from CCI. This is an attempt to collect a debt. Any information I obtain from you will be used solely for this purpose. You got till 5:00 James, I don't hear from you, please consult a lawyer. 305-940-1130.

<u>April 28, 2009</u>
This confidential message is for James Fiano. Please contact us at (inaudible). James, please hang up the phone, disconnect. This is Florence Weiss calling from CCI. This is an attempt to collect a debt. Any information I obtain from you will be used solely for this purpose. Mr. Fiano, my number is 305-940-1130. Your immediate attention is required for this matter to rectify it. Thank you.

<u>May 18, 2009</u>
James Fiano, contact Frank Waters. Listen James, you've been ignoring my phone calls for three months now. You got till 5 o'clock. Please contact me to clear this matter up. If not, retain a lawyer. 305-940-1130. Matters don't go away just because you're ignoring it.

<u>June 9, 2009</u>
Yeah James Fiano contact Frank Waters as soon as possible. Mr. Fiano, you've been ignoring my calls for several months. I got to move on, I don't hear from you please retain a lawyer. We're gonna proceed this matter against you. Mr. Fiano (inaudible) needs to be resolved. 305-940-1130.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14. Defendant's messages threaten litigation.

15. At no time has Defendant filed suit against Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

18. Plaintiff incorporates Paragraphs 1 through 15.

19. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT III
## FALSE IMPLICATION OF LITIGATION AND OR THE NEED FOR LEGAL COUNSEL

20. Plaintiff incorporates Paragraphs 1 through 15.

21. Defendant's messages falsely, deceptively and misleadingly implied the existence or imminence of litigation and or that Plaintiff needed legal counsel because of the gravity of the situation in violation of 15 U.S.C §1692e.

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22.    Plaintiff incorporates Paragraphs 1 through 15.

23.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

24. Plaintiff incorporates Paragraphs 1 through 15.

25. By failing to disclose that it is a debt collector and the purpose of its communication, and by falsely threatening litigation, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235

donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658